The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAULA WETZEL AND JOEL WETZEL, ON BEHALF OF THEMSELVES AND OTHER SIMILARLY SITUATED PERSONS,<br><br>Plaintiffs,<br>v.<br>CERTAINTEED CORPORATION,<br><br>Defendant. | Case No. 2:16-cv-01160-RAJ<br><br>**JOINT STATUS REPORT RE: MOTION FOR PROTECTIVE ORDER ON PLAINTIFFS' DISCOVERY REQUESTS; [PROPOSED] ORDER** |

## JOINT STATUS REPORT

Defendant and Plaintiffs submit the following Joint Status Report.

On August 21, 2017, the parties conducted a telephonic meeting and conferring to find a compromise resolution on Defendant's Motion for a Protective Order (Dkt. #33). The parties reached certain compromises concerning the limits of discovery related to Defendant's shingles, including without limitation warranty claims and sales data, unless for good cause the Court or Defendant permits otherwise. The parties also have two disputes which they cannot resolve.

**A.     The Parties' Agreements**

1. Relevant shingles shall be those installed in Washington on buildings whose date of completed construction was in 2004, 2005, 2006, or 2007.
    a. As a caveat of Defendant concerning discovery directed to Defendant, Defendant acknowledges that it may have knowledge of home construction dates based on

JOINT STATUS REPORT; [PROPOSED] ORDER
(Case No. 2:16-cv-01160-RAJ)

Page 1

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave. W.| Seattle, WA 98119
Tel: 206-448-1777

claims made by shingle owners, communications from shingle owners to Defendant, or other records.

    b. Defendant agrees to act in good faith to identify which shingle owners have homes whose date of completed construction may be in 2004, 2005, 2006, or 2007.

    c. Plaintiffs acknowledge that via the meet and confer process Defendant communicated the possibility that it may not have complete information in its records because Defendant typically does not know where shingles are installed after shingles are sold to distributors unless a warranty claim is made.

    d. The parties acknowledge that third-party discovery may be necessary to locate potentially relevant information, and such third party discovery may provide information which enables Defendant to locate additional, relevant information or materials in its possession, custody or control.

2. Relevant shingles shall include shingles from Defendant's Landmark series.
3. If in the future Plaintiffs believe that they have good cause to pursue discovery related to shingles outside the scope of these limits, agreed to in items (1) through (3), then the parties shall meet and confer to reach a compromise on the issue and work diligently to avoid having to bring the matter to the Court for disposition.

**B.    The Parties' Remaining Disputes**

The Parties do not agree to the following discovery limitations, and request that the Court determine the permissible discovery.

**1. <u>Homeowners:</u>**

**a. <u>Plaintiffs' Position:</u>**

With their Complaint, Plaintiffs seek to represent a class of first, second, and subsequent owners of homes in Washington with Defendant's. *See* Dkt. 2-1 ("Complaint") at 11, ¶ 32 (definition of the class); *cf. id.* at 11, ¶ 33 (definition of subclass that excludes first and second owners included in the class). Plaintiffs allege that they have claims which share common

JOINT STATUS REPORT; [~~PROPOSED~~] ORDER
(Case No. 2:16-cv-01160-RAJ)

Page 2

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave. W.| Seattle, WA 98119
Tel: 206-448-1777

questions of law and fact with claims of the class, including first and second owners. *See id.* at 12, ¶ 37. Plaintiffs also allege that their claims are typical of those of other class members, including first and second owners. *See id.* at 12, ¶ 38. As an example, the Complaint alleges that first, second, and subsequent owners were all harmed when Defendant deceptively and unfairly concealed the defects of Defendant's shingles. *E.g.*, *see id.* at 8-9, ¶ 32. Without any evidence of an injury or burden to it, Defendant asks the Court for a protective order which prevents Plaintiffs from conducting any discovery that may help Plaintiffs to substantiate their allegations that sufficient commonality and typicality exists between the Plaintiffs' claims and those of first and second owners such that the Court can certify the class. Thus, Defendant asks the Court to decide that Plaintiffs can certify the class before Plaintiffs have a chance to conduct discovery on the matter. This is improper. *See*, *e.g.*, *Meyer v. Receivables Performance Mgmt., LLC*, No. C12–2013RAJ, 2013 WL 1914392, at *2 (W.D. Wash. May 08, 2013) (Jones, J.) ("[C]ourts typically decide class certification after discovery, not on the pleadings.").

Additionally, a significant allegation of the Complaint is that Defendant unfairly coerced Washington homeowners to enter in to confidentiality provisions to obtain warranty benefits for which they were already entitled. *See* Dkt. #2-1 ("Complaint") at 8, ¶ 21(a). This was to prevent both existing and prospective homeowners from learning about Defendant's defective shingles. *Id.* Plaintiffs are informed and believe that only first and second owners were given any warranty benefits by Defendant. By blocking discovery related to first and second owners, Defendant would block Plaintiffs from conducting any discovery to substantiate this or similar allegations.

The Court ordered that Plaintiffs have until December 15, 2017 to complete discovery on class certification. *See* Dkt. #25 at 1. Defendant's request for a protective order barring discovery related to first and second owners would deny Plaintiffs the ability to start such discovery. Plaintiffs respectfully ask the Court to deny Defendant's attempt to obtain a denial of class certification through a protective order.

///

///

JOINT STATUS REPORT; [~~PROPOSED~~] ORDER
(Case No. 2:16-cv-01160-RAJ)

Page 3

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave. W.| Seattle, WA 98119
Tel: 206-448-1777

b. **Defendant's Position:**

Plaintiffs' Complaint contains allegations as to third generation or later shingle owners. *See* Dkt. #2.1 ("Complaint") at ¶¶7 & 14. Plaintiffs identify no allegedly injured persons other than the Wetzels—who are third generation owners—and Plaintiffs' Complaint contains no allegations showing that discovery related to any first or second generation homeowner is relevant. The purpose of discovery is not to uncover "similar deficiencies," as argued by Plaintiffs during the August 16, 2017 hearing. *See also Cabell v. Zorro Productions, Inc.,* 294 F.R.D. 604, 609 (W.D. Wash. 2013). Plaintiffs must first demonstrate how first and/or second generation homeowners' claims are relevant to the existing allegations in the Complaint. *Cf. In re Fontaine,* 402 F. Supp. 1219, 1221 (E.D. N.Y. 1975). Absent some affirmative showing by Plaintiffs that such information is reasonably calculated to lead to the discovery of admissible evidence, Plaintiffs cannot use discovery as a tool to seek new allegations.

Defendant believes Plaintiffs are not entitled to discovery related to first or second generation homeowners as no such person has a cause of action against Defendant and no such person has been identified as a party (which raises both legal concerns—*e.g.*, standing—and factual concerns—*e.g.*, privacy). Defendant's limited roofing shingle warranties provide coverage only for qualifying first and second generation homeowners. The applicable warranties state: "The warranty for CertainTeed shingles is transferable by the original property owner/consumer to the first subsequent owner." *See* CERTAIN000544 (this citation was provided to Plaintiffs, but is not in the record before the Court). First and second generation homeowners are not harmed—such persons can, and do, pursue remedies through CertainTeed's warranty program. Discovery relevant to the allegations in the Complaint is available through discovery of third generation or later homeowners. Discovery for first and second generation homeowners should be denied at this time.

///

///

JOINT STATUS REPORT; [~~PROPOSED~~] ORDER
(Case No. 2:16-cv-01160-RAJ)

Page 4

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave. W.| Seattle, WA 98119
Tel: 206-448-1777

**2. Discovery of Non-Landmark Series Shingles:**

**a. Plaintiffs' Position:**

Plaintiff's Complaint expressly concerns Defendant's deceptive and unfair business practices in concealing defects as to all of its asphalt shingles it sells in Washington. Defendant's Landmark series is presented in the Complaint only as an example. *See* Dkt. #2-1 ("Complaint") at 7, ¶ 14. Defendant presented testimony that it has at least twenty types of asphalt shingle lines like the Landmark series. *See* Dkt. #33-7 at 2, ¶ 3. As a matter of compromise, Plaintiffs have offered to reduce the scope of their discovery requests by 90% to include only two of these shingle types: the Landmark series and the Presidential series. Defendant insists that Plaintiffs only be permitted discovery related to one of them.

Since filing the complaint, Plaintiffs have obtained information which indicates that at least some of the homes with problematic shingles are roofed with Defendant's Presidential line. Defendant offers no evidence of any burden or injury it suffers if Plaintiffs are permitted discovery to ascertain the accuracy of this information.

Plaintiffs seek to represent a class of Washington consumers who have any of Defendant's asphalt shingles on their roofs. *See* Dkt. 2-1 ("Complaint") at 11, ¶ 32 (definition of the class). To establish that Plaintiffs' claims have sufficient typicality and commonality with the claims of consumers with other lines of Defendant's shingles on their homes, Plaintiffs need to begin by obtaining discovery related to at least one of the other nineteen shingle lines. Plaintiffs therefore respectfully ask that Defendant's request for a protective order to deny such discovery be denied.

**b. Defendant's Position:**

The only shingle series identified by Plaintiffs in the Complaint and at the August 16, 2017 hearing was the Landmark series shingle. Until Plaintiffs amend the Complaint to add representative Named Plaintiffs whose homes have shingles other than the Landmark series and set forth affirmative evidence that another shingle series is at issue in this case, Defendant states that discovery as to other shingle types (including Presidential series shingles) is speculative and

JOINT STATUS REPORT; [PROPOSED] ORDER
(Case No. 2:16-cv-01160-RAJ)

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave. W.| Seattle, WA 98119
Tel: 206-448-1777

Page 5

irrelevant. *See Cabell v. Zorro Productions, Inc.,* 294 F.R.D. 604, 609 (W.D. Wash. 2013); *In re Fontaine,* 402 F. Supp. 1219, 1221 (E.D. N.Y. 1975). Defendant believes that the Plaintiffs must affirmatively supplement the record with direct, concrete evidence and identify an appropriate Named Plaintiff to place non-Landmark series shingles at issue prior to opening discovery into matters not placed at issue in the record. Discovery is not a tool to seek new allegations.

DATED this 22nd day of August 2017.

<table>
<tr>
<td>

*s/ Catherine J. Fleming*
Catherine J. Fleming, WSBA #40664
Brad J. Moore, WSBA #21802
STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Avenue West, #300
Seattle, WA 98119
Tel: (206) 448-1777
Fax: (206) 728-2131
Email: Catherine@stritmatter.com
      Brad@stritmatter.com

Albert H. Kirby, WSBA #40187
SOUND JUSTICE LAW GROUP, PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Tel: (206) 489-3210
Fax: (866) 845-6302
Email: ahkirby@soundjustice.com

Attorneys for Plaintiffs

</td>
<td>

*/s/ Richard D. Ross*
Richard D. Ross, WSBA #34502
Michael J. Madderra, WSBA #48169
SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, Washington 98104
Tel: (206) 447-6461
Fax: (206) 558-4185
Email: rross@selmanlaw.com

Attorneys for Defendant CertainTeed Corporation

</td>
</tr>
</table>

**ORDER**

THIS MATTER having come on by Defendant's Motion for Protective Order (Dkt. # 33) and the foregoing Joint Status Report, and the Court having reviewed counsels' agreements, the Court ORDERS as follows:

1. The parties' agreements in this Report are hereby adopted as an Order.

JOINT STATUS REPORT; [~~PROPOSED~~] ORDER
(Case No. 2:16-cv-01160-RAJ)

Page 6

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave. W.| Seattle, WA 98119
Tel: 206-448-1777

2. Further, as to the disagreement of the parties, the Court determines as follows:

The Court **DENIES IN PART** Defendant's request for a protective order.

Discovery for First and Second Generation Homeowners is permitted.

The Court **GRANTS IN PART** Defendant's request for a protective order.

Discovery for Presidential Series Shingles is denied.

IT IS SO ORDERED.

Dated this 6th day of September, 2017.

_Richard A. Jones_

The Honorable Richard A. Jones
United States District Judge

JOINT STATUS REPORT; [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER
(Case No. 2:16-cv-01160-RAJ)

Page 7

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave. W.| Seattle, WA 98119
Tel: 206-448-1777