THE HONORABLE RICHARD A. JONES

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAULA WETZEL and JOEL WETZEL, individually and on behalf of other similarly situated persons,

Plaintiffs,

vs.

CERTAINTEED CORPORATION,

Defendant.

NO. 2:16-cv-01160-RAJ

ORDER

This matter comes before the Court on Defendant CertainTeed Corporation's Second Motion for Protective Order Re Plaintiffs' Discovery Requests (Dkt. # 58), Plaintiffs' Motion to Compel (Dkt. # 63), and Plaintiffs' Motion to Extend Deadlines (Dkt. # 80).[1]

---

[1] The Court strongly disfavors footnoted legal citations. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the parties from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

ORDER-1

## I. BACKGROUND

Plaintiffs are conducting pre-class certification discovery for a lawsuit arising from Defendant's allegedly defective shingles. There are four motions pending before the Court, addressed in turn below.

## II. DISCUSSION

### A. Motion for Protective Order

The Court has discretion under Federal Rule of Civil Procedure 26(c) to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Defendants must show the "specific prejudice or harm [that] will result if no protective order is granted. . . . Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P, No. C01-1351 TEH, 2008 U.S. Dist. LEXIS 123275, *20-21 (E.D. Cal. 2008) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) and *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

In a class action, the parties often have the opportunity to conduct pre-class certification discovery. This discovery is "limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class." *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978)). However, "the merits/certification distinction is not always clear. Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case." *Id.* (citing *Wal–Mart Stores Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Defendant moves for a protective order because it claims that Plaintiffs' discovery is targeted at the merits rather than at the appropriate pre-class certification discovery. Dkt. # 58. Plaintiffs disagree, citing reasons for why each category of discovery is necessary to establish the class in this class action lawsuit. Dkt. # 61. The disputed categories are discussed below.

Plaintiffs seek discovery regarding the manufacturing process, research and development, and testing to prove Rule 23(a)(2)'s commonality element and Rule 23(b)(3)'s predominance element. Dkt. # 61 at 11. When analyzing commonality, the Court typically examines the parties' claims and defenses and the relative proof regarding the same. With regard to predominance, the Court must determine whether common questions predominate over individual ones such that a class action treatment is superior to individual lawsuits. Discovery regarding manufacturing and testing is necessary for Plaintiffs to attempt to prove these elements. However, at this stage, the Court finds that discovery regarding research and development goes more toward the strength or weakness of Plaintiffs' claims rather than toward the requirements of Rule 23. Accordingly, the Court GRANTS in part Defendant's motion with regard to pre-class certification discovery into research and development.

Plaintiffs seek discovery regarding the warranty and warranty claims process to prove Rule 23(a)(3)'s typicality element and to identify potential class members. Dkt. # 61 at 14. Defendant argues that it already produced warranty claim files as well as a performance manual. Dkt. # 64 at 7. Discovery regarding the warranty claims process, such as how agents are trained, goes to the merits of the lawsuit rather than to Rule 23's requirements. However, discovery regarding the number of warranty claims paid related to the shingles at issue and any complaints made to state regulatory or administrative entities regarding the shingles at issue is relevant to developing a class list and establishing typicality of claims. Therefore, the Court GRANTS in part

Defendant's motion to the extent that discovery regarding the claim process is not relevant to pre-class certification discovery.

Plaintiffs seek discovery regarding Defendant's retention policy. Dkt. # 61 at 16. Defendant appears willing to produce retention policies related to customer claims and pending litigation matters. Dkt. # 64. The Court finds such policies relevant to pre-class certification discovery and therefore Defendant must produce such documents. However, retention policies regarding topics broader than customer claims, the disputed shingles, or pending litigation go to the merits of the matter and therefore need not be produced at this stage. Therefore, the Court GRANTS in part Defendant's motion for protective order.

Plaintiffs request documents regarding Defendant's corporate structure. Dkt. # 61 at 16. Plaintiffs argue that these organizational documents will help in identifying potential deposition witnesses. *Id.* The Court finds that an organizational chart—limited to those departments engaged in manufacturing, testing, sales and marketing, and warranty claims—is relevant to pre-class certification. This enables Plaintiffs to target specific corporate witnesses for deposition purposes. Therefore, the Court DENIES Defendant's motion with regard to this request.

B. Motion to Compel

The Court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011), *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources,

the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

If a party refuses to respond to discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

As an initial matter, Plaintiffs request that the Court order the parties to utilize the LCR 37(a)(2) joint submission procedure. The Court will not do so at this time. Both parties will have the benefit of fully briefing their discovery disputes. However, if the Court finds that the parties are abusing the discovery process, the Court will reassess and may order the relief that Plaintiffs request. Furthermore, Plaintiffs request the ability to utilize a court reporter at their own cost for future conferences with Defendant. The Court grants this request with the condition that Plaintiffs may not seek these costs from Defendant in any future motions. Plaintiffs have the sole responsibility for the cost of the court reporter.

It appears that Plaintiffs' motion to compel raises identical issues addressed in Defendant's motion for protective order. The Court has already ruled on what is relevant or not to the pre-certification discovery process. For example, the Court found that Defendant must produce discovery related to warranties (though not with regard to the warranty process, such as how agents are trained), manufacturing processes, testing, and document retention policies related to the disputed shingles and pending litigation. To the extent that the parties raised new or more specific arguments within these requests, the Court addresses them below.

Plaintiffs request the warranty claim database in its native format. Defendant produced the claim files in the form of searchable PDFs. Dkt. # 69 at 8-11. But Plaintiffs argue that Defendant has not produced the database in any form. Dkt. # 72 at 4. The claim files are sufficient for pre-class certification discovery, and the production of the database appears unnecessary at the current stage of discovery. However, Defendant will be expected to produce the database in native format to Plaintiffs if discovery progresses to the merits.

Plaintiffs argue that Defendant must produce a complete and unredacted set of claim files. Dkt. # 63 at 11-12. Plaintiffs also contend that Defendant produced the claim files out of order such that review was dramatically hindered. Dkt. # 66 at 7. Purposefully producing documents in haphazard order are tactics that this Court will not tolerate. The Court expects the parties to cooperate with the utmost professionalism; gamesmanship only acts to delay discovery and wastes judicial time and resources. Defendant must re-produce all of the claim files to Plaintiffs in bates numbered order. At this time, and based on the record before it, the Court does not find it necessary for Defendant to unredact the personal identification information of its customers. Plaintiffs may raise this issue again during the merits discovery process if their motion for class certification is granted. Similarly, it appears appropriate for Defendant to redact information that is unrelated to the shingles or claims at issue. The parties are ordered to meet and confer within seven (7) days from the date of this Order to determine what, if anything, may be redacted based on irrelevance or non-responsiveness, such as information referring to unrelated shingles that have no bearing on Plaintiffs' claims. Beyond the personal identification information and information unrelated to the claims at issue, the Court orders Defendant to produce the remaining claim file information unredacted.

Plaintiffs seek documents extending beyond the 2004 to 2007 window of time when the disputed shingles were in use. The Court agrees that relevant documents may exist beyond this timeframe, and Defendant must produce relevant documents even if those documents were created prior to 2004.

The remaining issues in Plaintiffs' motion to compel were addressed by the Court with regard to Defendant's motion for protective order, and therefore will not be repeated here. **Defendant must produce the documents over which the Court grants the motion to compel or denies the protective order to Plaintiffs within fourteen (14) days from the date of this Order**.

C. Motion to Strike

Plaintiffs filed three replies to its motion to compel. Dkt. ## 66, 72, 75. The parties stipulated to Plaintiffs filing the first supplemental reply brief, but did not stipulate to Plaintiffs filing the second supplemental reply brief. Dkt. # 71. Defendant moves the Court to strike Plaintiffs' second supplemental reply brief. Dkt. # 78. The Court finds good cause to strike this brief. This second supplemental reply played no role in the Court's determinations above.

D. Motion to Extend Deadlines

Class certification discovery ended on April 13, 2018. On April 5, 2018, Plaintiffs filed a motion to extend the discovery deadline. Dkt. # 80. The noting date for the motion was the same date as the discovery cutoff—April 13, 2018. *Id.* "A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j). However, the Court finds that Plaintiffs had good cause to file the motion when they did, and there is good cause to grant the motion and extend the deadlines. **The Court directs the Clerk to enter a new case schedule for class certification in this matter**.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the motion for protective order (Dkt. # 58) and motion to compel (Dkt. # 63), and **GRANTS** the motion to extend deadlines (Dkt. # 80).

Dated this 19th day of April, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge