UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAULA WETZEL, et al.,

              Plaintiffs,

    v.

CERTAINTEED CORPORATION,

              Defendant.

CASE NO. C16-1160JLR

ORDER ON MOTIONS TO SEAL

## I. INTRODUCTION

Before the court are four motions to file certain documents under seal: (1)
Plaintiffs Paula Wetzel and Joel Wetzel's (collectively, "the Wetzels") motion to file
under seal portions of their motion for class certification and certain supporting
documents ("First Motion") (1st MTS (Dkt. # 105)); (2) the Wetzels' motion to file under
seal portions of their response to Defendant CertainTeed Corporation's ("CertainTeed")
motion for summary judgment ("Second Motion") (2d MTS (Dkt. # 120)); (3)
CertainTeed's motion to file under seal portions of its response to the Wetzels' motion

for class certification and certain supporting documents ("Third Motion") (3d MTS (Dkt. # 137)); and (4) the Wetzels' motion to file under seal portions of their reply to their motion for class certification and certain supporting documents ("Fourth Motion") (4th MTS (Dkt. # 152)). CertainTeed filed responses to the First, Second, and Fourth Motions (1st MTS Resp. (Dkt. # 113);[1] 2d MTS Resp. (Dkt. # 128); 4th MTS Resp. (Dkt. # 162)), and the Wetzels filed replies (1st MTS Reply (Dkt. # 117); 2d MTS Reply (Dkt. # 131); 4th MTS Reply (Dkt. # 165)). The Wetzels filed a response to the Third Motion (3d MTS Resp. (Dkt. # 147)), and CertainTeed filed a reply (3d MTS Reply (Dkt. # 149)).

At issue in the First Motion are documents that the Wetzels rely upon in their motion for class certification and the Wetzels' experts rely upon in their supporting reports. (1st MTS; *see generally* MCC (Dkt. ## 107 (sealed), 108 (redacted)); *see also* Saldanha Report (Dkt. ## 107-4 (sealed), 109-10 (redacted)); Waier Report (Dkt. ## 107-13 (sealed), 109-32 (redacted)).) In response to the First Motion, CertainTeed argues that an additional exhibit and portions of the deposition of Mark D. Ivers ("Ivers Deposition"), upon which the Wetzels' rely in their motion for class certification also should be sealed. (1st MTS Resp. at 7-8 (citing 8/13/18 Terrell Decl. ¶¶ 6, 21, Exs. 4,

---

[1] In its response to the First Motion, CertainTeed requests that the court strike the Wetzels' experts' reports. (*See generally* 1st MTS Resp.) Pursuant to the court's Local Rules, "[r]equests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion." Local Rules W.D. Wash. LCR 7(g). CertainTeed seeks to strike reports attached to the Wetzels' motion for class certification. (*See* MCC (Dkt. ## 107 (sealed), 108 (redacted)).) Thus, CertainTeed's request to strike the reports in a response brief to the Wetzels' First Motion is procedurally improper, and the court declines to consider the request in this context. (*See generally* 1st MTS Resp.) The court will further address this issue in its order on CertainTeed's motion for summary judgment (MSJ (Dkt. # 110)) and the Wetzels' motion for class certification (MCC).

19).)  At issue in the Second Motion is the Wetzels' response to CertainTeed's motion for summary judgment and documents discussed and quoted therein.  (2d MTS; *see generally* MSJ Resp. (Dkt. ## 122 (sealed), 123 (redacted)).)  At issue in the Third Motion are documents CertainTeed relied upon in its response to the Wetzels' motion for class certification.  (3d MTS; *see generally* MCC Resp. (Dkt. ## 142 (sealed), 132 (redacted)).)  At issue in the Fourth Motion are documents that the Wetzels rely upon in their reply to CertainTeed's class certification response and that the Wetzels' expert relies upon in his supporting report.  (4th MTS; *see generally* MCC Reply (Dkt. ## 154 (sealed), 157 (redacted)); Corrected Waier Report (Dkt. ## 155 (sealed), 158-1 (redacted)) ¶ 2, Ex. 32 at 4.)

The court has considered the motions, the parties' submissions concerning the motions, the relevant portions of the record, including the unredacted documents and expert reports filed under seal, and the applicable law.  Being fully advised,[2] the court GRANTS in part and RESERVES RULING in part on the First Motion, GRANTS in part and RESERVES RULING in part on the Second Motion, GRANTS in part and RESERVES RULING in part on the Third Motion, and GRANTS in part and RESERVES RULING in part on the Fourth Motion.  For the reasons explained below, the court DIRECTS the Clerk to maintain the provisional seal on all the documents at this time.  The court also GRANTS CertainTeed 14 days from the undersigned date to file a response to this order by offering additional grounds or a more detailed justification for

---

[2] The parties do not request oral argument, and the court concludes that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

sealing certain documents as described below. The court summarizes its rulings on the documents at issue in a table at the end of this order. *See infra* § III.C.

## II. BACKGROUND

On July 22, 2016, the Wetzels filed a putative class action complaint in King County Superior Court, alleging that CertainTeed manufactured, marketed, and sold certain defective roofing shingles. (*See generally* Compl. (Dkt. # 1-2).) The Wetzels brought claims for (1) violation of the Washington Consumer Protection Act ("CPA"), RCW § 19.86.020, (2) breach of implied warranty, (3) fraud, (4) strict products liability, and (5) negligence. (*See generally id.*) The case was removed to this court on July 27, 2016, and reassigned from Judge Richard A. Jones to the undersigned judge on January 15, 2019. (Not. (Dkt. # 1); Minute Order (Dkt. # 166).)

The parties entered a stipulated protective order on May 22, 2017. (Protective Order (Dkt. # 31).) During discovery, CertainTeed produced a number of documents marked "confidential." (*E.g.*, 1st MTS at 1.) All four motions to seal relate to documents and testimony CertainTeed deems confidential and seeks to maintain under seal. (*See* 1st MTS at 1; 2d MTS at 1-2; 3d MTS at 1; 4th MTS at 1-2.) Although the Wetzels do not agree any of the documents at issue should be sealed, they brought the First, Second, and Fourth Motions pursuant to the parties' stipulated protective order. (*E.g.*, 1st MTS at 2; *see* Protective Order ¶ 4.3 (requiring the party seeking to file confidential material to follow Local Rules W.D. Wash. LCR 5(g) procedures).) CertainTeed filed the Third Motion pursuant to Local Rule 5(g). *See* Local Rules W.D. Wash. LCR 5(g)(2)(B).

//

# III. ANALYSIS

## A.    Legal Standard

When deciding a motion to seal, courts "start with a strong presumption of public access to the court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). Nevertheless, this presumption "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

The standard the court employs to decide whether a document should be sealed depends on the nature of the motion to which the document at issue is related. *See Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1135). In the past, the Ninth Circuit applied a "compelling reasons" standard for sealing documents attached to dispositive motions, but a lesser "good cause" standard for sealing documents attached to non-dispositive motions. *See Foltz*, 331 F.3d at 1135 (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098-99 (9th Cir. 2016). However, in *Chrysler*, the Ninth Circuit declined to employ a "binary approach" that would limit the compelling reasons standard to only motions that are "literally dispositive." 809 F.3d at 1098-99. Rather, the Court clarified its precedent, directing courts to apply the compelling reasons standard when "the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099.

//

The First, Third, and Fourth Motions pertain to a motion for class certification, whereas the Second Motion pertains to a motion for summary judgment. (*See* MCC; MSJ (Dkt. # 110).) Thus, the Second Motion is undoubtedly "more than tangentially related to the merits" of the case. *See Foltz*, 331 F.3d at 1135-36 (citing *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)) ("[S]ummary judgment adjudicates substantive rights and serves as a substitute for a trial."). The court concludes that the Second Motion must be assessed under the compelling reasons standard.

The court also concludes that the Wetzels' motion for class certification is "more than tangentially related to the merits" of the underlying case, and thus, the First, Third, and Fourth Motions must also be analyzed under the compelling reasons standard. As the Supreme Court noted in *Dukes*, the "rigorous analysis" district courts engage in to ensure that the prerequisites of Federal Rule of Civil Procedure 23(a) have been satisfied at the class certification stage will "frequently . . . entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) ("[T]he merits of the class members' substantive claims are often highly relevant when determining whether to certify a class . . . . [A] district court *must* consider the merits if they overlap with the Rule 23(a) requirements."). Moreover, since *Chrysler*, district courts that have addressed the issue have regularly found that the compelling reasons standard applies to motions to seal exhibits attached to motions for class certification. *See Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2018 WL 1159251, at *4 (W.D.

//

Wash. Feb. 16, 2018), *report and recommendation adopted,* No. C15-1483JLR, 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018) (collecting cases).

Here, the court's determination of the Wetzels' motion for class certification will involve, at a minimum, consideration of whether CertainTeed has "engaged in unfair or deceptive practices by not informing homeowners of the defect and denying class members full compensation for shingles it acknowledges suffer from a manufacturing defect . . . ." (*See* MCC at 20.) Because the Wetzels' motion for class certification will involve evaluating the elements of their CPA claim in order to determine whether there are common questions of law or fact under Federal Rule of Civil Procedure 23(a), the Wetzels' motion is more than tangentially related to the merits of the case. Thus, the court concludes that the compelling reasons standard applies to all four motions to seal.

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citations omitted). In this case, CertainTeed bears the burden of showing compelling reasons to seal because it is the party who designated the documents at issue in all four motions as "confidential." *See* Local Rules W.D. Wash. LCR 5(g)(3). A failure to meet that burden means that public access prevails. *Kamakana*, 447 F.3d at 1182. If a court determines to seal certain records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Id.* at 1179 (quoting *Hagestad*, 49 F.3d at 1434).

//

Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (internal quotations omitted); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("'[T]he right to inspect and copy judicial records . . . has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon*, 435 U.S. at 598)). The final determination of what constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

Additionally, in the Western District of Washington, a party seeking to file documents under seal must comply with the procedures of Local Civil Rule 5(g). *See* Local Rules W.D. Wash. LCR 5(g). Pursuant to Local Civil Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal." *Id.* LCR 5(g)(3)(A).[3] The party who designated the documents confidential must also provide a specific statement of the reasons for keeping a document under seal. *Id.* LCR 5(g)(3). In this case, CertainTeed is the designating party and has the burden to

//

---

[3] CertainTeed disputes the extent and sufficiency of the parties' prerequisite "meet and confer" conferences related to the First, Second, and Fourth motions. (*See, e.g.*, 1st MTS Resp. at 3-4.) The court has considered the parties' arguments and determines that the parties sufficiently satisfied the "meet and confer" requirements for the court to decide the motions. *See* Local Rules W.D. Wash. LCR 5(g)(3)(A).

meet the compelling reasons standard and the requirements of Local Civil Rule 5(g)(3)(B) for each document it seeks to maintain under seal. *Id.* LCR 5(g)(3)(B)

**B.    Analysis of Documents**

Before the court addresses CertainTeed's "compelling reasons" assertions, it can dispense with two of CertainTeed's arguments in favor of sealing that apply to all four motions:  (1) that the Wetzels have provided no legal basis for objecting to filing the documents at issue under seal; and (2) that the Wetzels did not challenge the confidentiality designations of the documents.  (*See, e.g.*, 1st MTS Resp. at 7.)  The Wetzels are not required to object to the filing of the documents under seal or present prior confidentiality challenges because it is CertainTeed's burden to overcome the public's right to access.  *See* Local Rules W.D. Wash. LCR 5(g)(3); *Kamakana*, 447 F.3d at 1178-79.  Moreover, as stated in the parties' stipulated protective order, by designating or agreeing to designate a document as confidential, "the parties do not concede that such material is entitled to be filed under seal."  (Protective Order ¶ 2.2.)  And, even if the parties agree to confidential designations, the existence of a confidentiality agreement does not, by itself, establish a compelling reason to seal.  *See Foltz*, 331 F.3d at 1137-38 (holding that the existence of a confidentiality provision in a blanket protective order issued by a district court does not, without more, constitute a compelling reason to seal information on the court's docket).

The court now addresses each motion in turn.

//

//

### 1.     First Motion

CertainTeed requests to seal certain lines of the Wetzels' motion for class certification and supporting exhibits 2 ("Stahl Deposition"),[4] 7, 9 ("Roach Deposition"),[5] 11, 17-18, 20-23, 31, 33-44, 48-51, and 54,[6] as well as the Saldanha Report and the Waier Report.  (1st MTS Resp.; *see also* MCC at 6, 8-11, 13-14, 16-17, 19; 8/13/18 Terrell Decl. (Dkt. ## 107-1 through 107-30).)  Additionally, CertainTeed requests that the court seal portions of the Ivers Deposition and all of exhibit 19.  (1st MTS Resp. at 7-8; *see also* 8/13/18 Terrell Decl. ¶¶ 6, 21, Exs. 4, 19.)  CertainTeed argues that the court should seal these documents because "all the documents CertainTeed requests to be sealed are in compliance with LCR 5(g)(3)(B)."  (*E.g.*, 1st MTS Resp. at 1.)  CertainTeed represents that the exhibits contain a mix of trade secrets, proprietary information, and non-party private information.  (*See id.* at 7-8; 8/22/18 Waksman Aff. (Dkt. # 115) at 2-11.)[7] CertainTeed connects these reasons to seal to specific documents and page ranges that it

//

//

---

[4] Portions of the Stahl Deposition appear in multiple places in the record.  (*See* 9/17/18 McKillop Decl. (Dkt. ## 141 (sealed), 140 (redacted)) ¶ 2, Ex. 1; 10/1/18 Terrell Decl. (Dkt. ## 156 (sealed), 153 (redacted)) ¶ 6, Ex. 55.)  Wherever it appears in the record, the court cites to the Stahl Deposition as "Stahl Dep." and clarifies page ranges where appropriate.

[5] Portions of the Roach Deposition appear in multiple places in the record.  (*See* 9/17/18 McKillop Decl. ¶ 3, Ex. 3.)  Wherever it appears in the record, the court cites to the Roach Deposition as "Roach Dep." and clarifies page ranges where appropriate.

[6] When discussing the depositions in this order, the court refers to their internal page numbers rather than to the CM/ECF page numbers.

[7] The Waksman Affidavits are cited by their CM/ECF page numbers rather than paragraph numbers to clarify where in CertainTeed's table the information is found.

asserts include information regarding its proprietary claims handling processes,[8] product specifications and manufacturing processes,[9] merchandising and marketing strategies,[10] and sales and financial data.[11]  (*See generally* 8/22/18 Waksman Aff.)  CertainTeed asserts that harm would befall its business and competitive advantage if this information was publicly released.  *Id.*

In reply, the Wetzels argue the court should not seal the documents because "CertainTeed's conclusory arguments fail to overcome the strong presumption for public access to the courts."  (1st MTS Reply at 4.)  The Wetzels also contend that CertainTeed waived the right to seal some of these documents by not previously designating them as confidential per the requirements of the protective order.  (*Id.* at 6-7.)

The court finds that CertainTeed has articulated compelling reasons to maintain the seal on some of the documents at issue; however, other documents contain, at least in part, information that does not plainly fall under CertainTeed's articulated justifications for sealing or facially meet the "compelling reasons" standard to seal.  The court is not confident that all of the documents and testimony have been closely considered in light of the presumption of public access and the parties' duty to minimize the amount of material filed under seal.  The court appreciates that CertainTeed's over-designations may have

---

[8] Stahl Dep. at 21, 118-20, 156-58; Ivers Dep.; 8/13/18 Terrell Decl. ¶¶ 9, 19, 22-25, 33, 35-44, 51-53, Exs. 7, 17, 20-23, 31, 33-42, 49-51; Roach Dep. at 225:19-248:20, 249:24-251:17.

[9] (Stahl Dep. at 33-35, 45-46, 49, 51-59, 69, 80, 99-100, 103, 109-10; 8/13/18 Terrell Decl. ¶¶ 13, 20, 21, 56, Exs. 11, 18, 19, 54; Waier Report.)

[10] (Stahl Dep. at 99-100.)

[11] (Stahl Dep. at 99:12-100:25, 135.)

resulted from the limited time it had to review the material prior to the Wetzels' filings. (*See* 1st MTS Resp. at 3-4.)  However, the court cannot seal an entire document when narrower redaction would be sufficient to protect CertainTeed's interests.  *See generally* Local Rules W.D. Wash. LCR 5(g).  As detailed below, the court grants CertainTeed the opportunity to respond to this order by providing narrower redactions or further justification for sealing certain documents or portions of documents pursuant to Local Civil Rule 5(g)(3)(B).  *See* Local Rules W.D. Wash. LCR 5(g)(3)(B).

The court will first address the documents for which CertainTeed has not met its compelling reasons burden, and then address the documents for which it has met its burden.  First, the court concludes that CertainTeed's assertion of confidential personal identifying information of non-parties does not satisfy the compelling reasons standard because the limited amount of such information that is present in the documents can and has already been appropriately redacted by the Wetzels.  *See Foltz*, 331 F.3d at 1137 (concluding that third-party records could be redacted while leaving intact other information).  Here, the parties properly redacted individuals' names, phone numbers, and street addresses before filing the documents with the court.  *See* Local Rules W.D. Wash. LCR 5(g)(1)(B) (stating that parties must redact sensitive information that the court does not need to consider); (*see generally* 8/13/18 Terrell Decl. Ex. 31, 33, 42-44, 48.)  The court fails to see what privacy interests exist in the documents that have not already been addressed through these redactions.  Thus, when asserting non-party privacy, CertainTeed has not met its burden of providing a compelling reason to seal. Nevertheless, as discussed below, CertainTeed also asserts that exhibits 31, 33, 42, 44,

and 48, warrant sealing because they contain proprietary claims handling policies. (*See* 8/22/18 Waksman Aff. at 8-11.) Yet, CertainTeed asserts only non-party privacy as its justification to seal exhibit 43. (*Id.* at 10.) Thus, unless CertainTeed provides further justification to seal exhibit 43 in a response to this order, the court will unseal exhibit 43, except for the redactions already made by the Wetzels for non-party privacy.

Second, CertainTeed seeks to seal documents that were not timely designated confidential under the terms of the protection order. (*See* 1st MTS Reply at 6-7.) For example, CertainTeed seeks to designate as confidential excerpts of the Stahl Deposition. (*See id.* at 7; *see also* 9/17/18 McKillop Decl. ¶ 5, Ex. 4 (designating many pages of the Stahl Depositions confidential, but not pages 33-35, 45-46, 69, 135, or 156-58).) The parties deposed Mr. Stahl on March 23, 2018. (*See* Stahl Dep. at 1.) CertainTeed served its supplemental confidentiality designation on August 21, 2018, well after the 15-day designation deadline provided in the protective order. (*See* Suppl. Designation (Dkt. # 112); Protective Order ¶ 5.2(b).) Thus, as specified below, the court grants CertainTeed the opportunity to show cause as to why these documents and testimony[12] were not timely designated as confidential.

Third, CertainTeed wishes to seal certain information already filed publicly. For example, CertainTeed has since filed publicly some of the same sections of the Stahl Deposition it now seeks to seal in these motions. (*See* 9/17/18 McKillop Decl. (Dkt.

---

[12] (Stahl Dep. at 33-35, 45-46, 69, 99-100, 135, 156-58; Ivers Dep.; 8/13/18 Terrell Decl. Ex. 19.) The court also notes that the content of these pages and exhibits are publicly filed. (*See* 8/13/18 Terrell Decl. (Dkt. ## 109-2, 109-4, 109-19).)

# 134-1) (attaching Stahl Dep. at 99-100).)  The court grants CertainTeed the opportunity to show cause as to why it has not waived the right to seal a document or information that it has filed publicly.

Finally, the court finds CertainTeed's justifications for sealing certain documents are insufficient where the material contained therein, at least in part, does not plainly fall within CertainTeed's asserted compelling reasons for sealing.  (*See* Stahl Dep. at 21, 80, 156-58; Ivers Dep.; 8/13/18 Terrell Decl. Exs. 7, 11, 18, 31, 35, 41-42, and 48.)  In many instances, CertainTeed has either over-designated the material to seal or deemed it proprietary or a trade secret without sufficient explanation.  Specifically, the court finds CertainTeed's justification for sealing the Saldanha Report insufficient as the court cannot determine what lines or pages CertainTeed desires to seal.  (*See* 8/22/18 Waksman Aff. at 6-7).  Likewise, regarding the Waier Report, except for the sealed line on page 4, the court cannot ascertain what information or pages CertainTeed seeks to seal.

The court finds CertainTeed over-designated exhibit 7, an email chain, as proprietary claims handling information.  (*See* 8/16/18 Terrell Decl. Ex. 7; 8/22/18 Waksman Aff. at 6.)  Several sections of this email chain contain what the court considers to be innocuous information.  (*See* 8/13/18 Terrell Decl. Ex. 7.)  Without additional detail or explanation as to why all of this material should be sealed, the court concludes that fewer redactions would protect CertainTeed's interest while upholding the public's right to access.  *See* Local Rules W.D. Wash. LCR 5(g)(3)(B).

For other documents, CertainTeed's asserted compelling reasons for sealing are conclusory such that they fail to comply with Local Civil Rule 5(g)(3)(B).  For example,

CertainTeed asserts its Shingle Technology Manual (8/13/18 Terrell Decl. Ex. 11) is a trade secret. (*See* 8/22/18 Waksman Aff. at 7.) But it is not evident, nor has CertainTeed specifically declared, that such information is kept confidential. (*See generally* 1st MTS Resp.) Rather, it appears CertainTeed distributes this manual to external contractors as part of a certification process. (*See* 8/13/18 Terrell Decl. Ex 11 at 3, 5.) If the manual is indeed distributed outside of CertainTeed's business, the court cannot ascertain how the manual meets the definition of trade secret, nor what injury would befall CertainTeed if the information was publicized. *See Restatement of Torts* § 757, cmt. b ("A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."); *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement's definition and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret). CertainTeed may provide statements sufficient to comply with Local Civil Rule 5(g)(3)(B) for these documents in its response to this order.

The court now turns to those documents for which CertainTeed has met its compelling reasons burden. The court finds that CertainTeed has articulated compelling reasons to maintain the seal on the Stahl Deposition at 49, 51-59, 103, 109-10, 118-20, the Roach Deposition, and exhibits 17, 20-23, 33-34, 36-40, 44, 49-51, and 54. In short, CertainTeed represents that these documents contain confidential business information and trade secrets, which if released to the public could cause significant injury to its competitive standing. (*See generally* 8/22/18 Waksman Aff.) As explained below, the

court concludes that CertainTeed's interests are sufficient to outweigh the policies in favor of public disclosure. *See Nixon*, 435 U.S. at 598.

Having reviewed the Stahl Deposition at 118-20, the Roach Deposition, and exhibits 17, 20-23, 33-34, 36-40, 44, and 49-51, the court finds the documents contain proprietary and confidential information about how CertainTeed makes warranty claims decisions, its claims policies, and its internal claims systems. The court finds publication of such information could harm CertainTeed as competitors could copy or compare their internal claims policies to CertainTeed's. Moreover, some of these exhibits contain compilations of internal claims and settlement information sufficient to satisfy the definition of trade secret or other confidential business information. (*See* 8/13/18 Terrell Decl. Exs. 20, 21, 36-37, 51.)

CertainTeed also seeks to seal one line of the Waier Report. (*See* 1st MTS Resp.; 8/22/18 Waksman Aff. at 8-9; Waier Report at 4.) This line contains manufacturing output information. (*See* Waier Report at 4.) The court finds this statistical information is confidential and unsealing the line could cause CertainTeed competitive harm that outweighs the policies favoring disclosure.

In addition, CertainTeed asserts that the Stahl Deposition at 49, 51-59, 103, 109-10, and exhibit 54 contain product designs and specifications or manufacturing processes and procedures. (*See* 8/22/18 Waksman Aff. at 3-5, 11.) Having reviewed the documents, the court finds that they contain details on the components of CertainTeed's products, potential changes contemplated to its products, and CertainTeed's manufacturing processes. (*See id.*) The court concludes that these documents

sufficiently meet the definition of trade secret or confidential business information such that the need to protect the information outweighs the public's right of access. *See Kamakana*, 447 F.3d at 1179.

As to the Wetzels' motion for class certification, the parties may need to reconsider the sealed lines in the motion following the court's final ruling on the documents at issue. The court then expects the parties to revise the redactions and refile the relevant motion pursuant to the court's individual rulings on the documents at issue. In doing so, the parties should be cognizant that the presumption of public access is highest when a party seeks to seal a motion itself rather than attachments. Local Rules W.D. Wash. LCR 5(g)(5) ("Only in rare circumstances should a party file a motion, opposition, or reply under seal.").

Thus, as to the First Motion the court GRANTS in part regarding the Stahl Deposition at 49, 103, 109-10, 118-20, the Roach Deposition, and exhibits 17, 20-23, 33-34, 36-40, 44, 51, and 54, and RESERVES RULING in part regarding the remaining exhibits and corresponding lines of the motion for class certification pending CertainTeed's response to this order. *See infra* § III.C.

### 2. Second Motion

CertainTeed seeks to seal certain lines of the Wetzels' summary judgment response. (*See generally* 2d MTS; MSJ Resp. at 9-12.) The parties' arguments regarding the Second Motion are substantially similar to the First Motion. (*Compare* 1st MTS, *with* 2d MTS.) The summary judgment response contains quotations and citations to various

//

other "confidential" documents that the court discussed in its analysis of the First Motion. (*See* MSJ Resp. at 9-12.)

Upon the court's final ruling on the exhibits at issue, the parties must reevaluate the redacted lines in their briefing that cite to and quote those exhibits and may need to refile a revised redacted version of the Wetzels' summary judgment response. The parties should specifically consider that the court has not concluded that CertainTeed met its burden with regards to exhibits 7 and 48 to the August 13, 2018, Terrell Declaration. *See supra* § III.B.1. Whereas the court has concluded CertainTeed met its burden regarding lines or quotes referencing exhibits 17, 21-23, and 49-50. *See id.*

The Wetzels' summary judgment response also contains redacted quotations from exhibits 6 and 8 to the August 13, 2018, Terrell Declaration. (*See* MSJ Resp. at 3-4.) Yet, CertainTeed has not provided any reason to maintain the seal on these exhibits. (*See* MSJ Resp. at 9-10; 2d MTS Resp. at 6 n.1 (CertainTeed states it "does not address exhibits 6 and 8 since they were never addressed" in the Wetzels' First Motion).) Due to the presumption of public access, the court cannot seal content for which CertainTeed has not provided a compelling reason to do so. Furthermore, sealing references to exhibits 6 and 8 in the summary judgment response is improper if the exhibits remain public. (*See* 8/13/18 Terrell Decl. (Dkt. ## 109-6, 109-8).)

Thus, as to the Second Motion, the court GRANTS in part sealing the lines related to exhibits 17, 21-23, 49-50, and RESERVES RULING in part on sealing the remaining lines pending CertainTeed's response to this order. *See infra* § III.C.

//

### 3. Third Motion

CertainTeed also relies on "confidential" documents in its response to the Wetzels' motion for class certification. (*See* MCC Resp. at 22-23.) The parties' take similar stances as in the other motions to seal but elaborate on their positions. (*See* 3d MTS Resp. at 5-6; 3d MTS Reply at 2-6.) Again, CertainTeed asserts that the documents contain proprietary information and trade secrets. (*See* 3d MTS at 4; *see, e.g.*, 9/17/18 McKillop Decl.) The Wetzels oppose the Third Motion and request that the court unseal the testimony at issue because "CertainTeed offers cursory and entirely conclusory justifications for filing the testimony at issue under seal" and such "threadbare justifications . . . fall well short of making the particularized showing of harm required." (3d MTS Resp. at 4.) Specifically, the Wetzels assert that the relevant Stahl Deposition pages do not contain confidential information because the information is available on CertainTeed's website. (*Id.* at 5.) The Wetzels also assert that the Roach Deposition does not contain proprietary information because CertainTeed discloses the procedures to contractors and the procedures represent an outdated process. (*Id.* at 5-6.)

CertainTeed replies that pages 99-100 of the Stahl Deposition "contain proprietary information and trade secrets concerning CertainTeed's sales of Landmark 30 roofing shingles." (3d MTS Reply at 2.) And, although it does not refute that plant locations are disclosed on its website, it claims that the sales area "is not found in any public document and certainly not on CertainTeed's website." (*Id.*) CertainTeed further states that "[i]nformation regarding where CertainTeed's Landmark 30 shingles manufactured out of the Portland plant are sold is proprietary business information which if released could

harm CertainTeed's business, solicitation of clients and customers, and could cause irreparable loss." (*Id.* at 2.) CertainTeed elaborates that, if disclosed, competitors could "use this information to their advantage by selling in the same region or deciding to sell in different regions from the manufacturer." (*Id.* at 3.) Regarding exhibit 3, CertainTeed argues its internal claims processes are unique and not available to the public, homeowners, or roofing companies. (*See id.* at 6.) The court analyzes exhibits 1 and 3 in turn.

Exhibit 1 to the September 17, 2018, McKillop Declaration includes portions of the Stahl Deposition that the court has previously noted have been filed publicly. (Stahl Dep. at 99-100). The "confidential" information is clearly displayed rather than redacted. (*See* 9/17/18 McKillop Decl. (Dkt. # 134-1).) For such documents, if CertainTeed seeks to maintain the seal, it must show cause why it has not waived its right to seal such documents. And, even if CertainTeed had not publicly filed pages 99-100 of the Stahl Deposition, the court finds CertainTeed over-designated its redactions to Exhibit 1 because CertainTeed has acknowledged that its plant locations are public, and thus the locations do not warrant sealing.

Exhibit 3 to the September 17, 2018, McKillop Declaration contains different page ranges of the Roach Deposition than those pages at issue in the First Motion. (*See* Roach Dep. at 225-51, 289.) CertainTeed asserts that these pages cover proprietary claims handling processes that it keeps internal, and if released to the public these pages would harm CertainTeed's competitive standing. (*See* 3d MTS at 4; 3d MTS Reply at 6.) The court concludes that CertainTeed has articulated a compelling reason to seal exhibit 3 as

the pages contain proprietary and confidential information about how CertainTeed settles

claims, such that publication could allow its competitors to benefit at CertainTeed's

expense. Although the claims process may now be outdated, competitors could still gain

advantage from CertainTeed's prior process and derive insight into CertainTeed's current

process. The court concludes that the potential of harm to CertainTeed from disclosure

outweighs the public benefit, and thus the documents shall remain sealed. *See Nixon*, 435

U.S. at 598.

CertainTeed also seeks to seal several lines of the class certification response.

(*See* 3d MTS. at 1; *see also* MCC Resp. at 22-23.) These lines cite to the same

information in the Roach Deposition for which the court has found compelling reasons to

seal. The court will therefore maintain the seal on the designated lines in the class

certification response.

Thus, as to the Third Motion, the court GRANTS in part and maintains the seal on

certain lines in the class certification response and certain pages of the Roach Deposition,

but RESERVES RULING in part regarding the Stahl Deposition at 99-100 pending

CertainTeed's response to this order. *See infra* § III.C.

**4.     Fourth Motion**

The parties' arguments regarding the Fourth Motion are substantially similar to

those regarding the First Motion and Second Motion. (*Compare* 1st MTS, *with* 2d MTS,

*and* 4th MTS.) CertainTeed requests that the court maintain the seal on certain lines of

the Wetzels' reply to their motion for class certification, one line of the Corrected Waier

Report, and certain pages of the Stahl Deposition. (4th MTS at 1-2; *see also* Stahl Dep.

at 20-21, 80-81, 105, 127-28, 156-60; MCC Reply at 11-12, 24; Corrected Waier Report at 4.)

The Wetzels' class certification reply contains only three redacted segments, which cover citations and quotations from previously analyzed exhibits. (*See* MCC Reply at 11-12, 24.) The redactions are for citations to pages of the Stahl Deposition and a citation to the same redacted sections in CertainTeed's response to the class certification motion at issue in the Third Motion. (*See* Stahl Dep. at 20, 80-81, 105, 156-60; MCC Resp. at 22-23.) As analyzed above, the court finds CertainTeed over-redacted the Stahl Deposition on pages 21, 80, and 156-58. *See supra* § III.B.1. Without narrower redaction or further justification or explanation from CertainTeed as to why these portions of the Stahl Deposition should remain sealed, the court will order their disclosure.

However, the court finds that CertainTeed provided compelling reasons to seal pages 105 and 127-28 of the Stahl Deposition. CertainTeed asserts these pages contain proprietary claims handling processes. (*See* 4th MTS Reply at 5-6.) As previously explained, the court concludes that such information is valuable and confidential, and the threat of harm to CertainTeed's competitive advantage by releasing this information outweighs the public's interest in access. *See supra* § III.B.1.

In addition, the content of the redacted lines on pages 11-12 of the Wetzels' reply properly fall within CertainTeed's asserted justification for sealing. The court finds this sealed content contains proprietary manufacturing information and the process by which CertainTeed analyzes defects. (*See* MCC Reply at 11-12.) The court concludes that the

release of this information could significantly harm CertainTeed's competitive advantage and thus outweighs the presumption of public access.

The Corrected Waier Report contains the same single redaction as the Waier Report discussed in the First Motion. (*Compare* Waier Report at 4, *with* Corrected Waier Report at 4.) Again, the redacted line contains manufacturing output data and the court finds that CertainTeed has asserted a compelling reason to seal this information: release of manufacturing output data could cause CertainTeed competitive harm such that CertainTeed has met its burden of overcoming the presumption of public access.

Thus, as to the Fourth Motion, the court GRANTS in part regarding the Waier Report at 4, pages 11-12 of the reply, and pages 105, 127-28 of the Stahl Deposition, but RESERVES RULING on the remainder of the motion pending CertainTeed's response to this order. *See infra* § III.C.

**C.      Summary**

The court grants CertainTeed the opportunity to respond to this order. CertainTeed's response, if any, must be filed within 14 days of the date of this order and address the following topics: (1) the court's concerns about over-designation and conclusory compelling reasons to seal; (2) why a document that CertainTeed filed publicly on the docket should now be sealed; and (3) why documents that CertainTeed did not timely designate as confidential, and that the Wetzels' have filed publicly on the docket, should now be sealed.

The table below summarizes the court's ruling on each document at issue. "Maintain seal" indicates that the court has found a compelling reason to direct the Clerk

to affirmatively maintain the seal on the document. "Ruling reserved" indicates that the court is unable to determine at this time whether the document should be sealed. The provisional seal on all documents not categorized as "Maintain seal" will be maintained pending the court's final ruling on the documents.

| Dkt. No. | Description | Ruling regarding Sealing |
|---|---|---|
| **1st Motion** | | |
| (Dkt. # 107) | The Wetzels' MCC | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 21 | Stahl Deposition excerpt | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 33-35 | Stahl Deposition excerpt | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 45-46 | Stahl Deposition excerpt | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 49 | Stahl Deposition excerpt | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 51-59:12 | Stahl Deposition excerpt | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 69 | Stahl Deposition excerpt | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 80 | Stahl Deposition excerpt | Ruling reserved |

| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 99-100 | Stahl Deposition excerpt | Ruling reserved |
|---|---|---|
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 103 | Stahl Deposition excerpt | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 109-110 | Stahl Deposition excerpt | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 118:12-120 | Stahl Deposition excerpt | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 135 | Stahl Deposition excerpt | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 156-58 | Stahl Deposition excerpt | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 109-4), Ex. 4 at 29 | Ivers Deposition excerpt | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 109-4), Ex. 4 at 31 | Ivers Deposition excerpt | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-2), Ex. 7 | Email correspondence | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-3), Ex. 9 | Roach Deposition excerpts | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-4), Ex. 10 | Saldanha Report | Ruling reserved |

| | | |
|---|---|---|
| 8/13/18 Terrell Decl. (Dkt. # 107-5), Ex. 11 | Shingle Technology Manual | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-6), Ex. 17 | Email correspondence | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-7), Ex. 18 | Email correspondence | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 109-19), Ex. 19 | CertainTeed "Roofing Products" Performance Manual | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-8), Ex. 20 | PowerPoint presentation | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-9), Ex. 21 | PowerPoint presentation | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-10), Ex. 22 | PowerPoint presentation | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-11), Ex. 23 | Procedure for Portland granule loss sample claims | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-12), Ex. 31 | Warranty claim file | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-13), Ex. 32 at 4 | Waier Report | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-14), Ex. 33 | Email correspondence | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-15), Ex. 34 | Email correspondence | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-16), Ex. 35 | Email correspondence | Ruling reserved |

| | | |
|---|---|---|
| 8/13/18 Terrell Decl. (Dkt. # 107-17), Ex. 36 | Spreadsheet of granule loss warranty claims denied through 2016 | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-18), Ex. 37 | Spreadsheet of granule loss warranty claims denied in 2017 and January 2018 | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-19), Ex. 38 | Shingle complaint policy request form | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-20), Ex. 39 | Shingle complaint policy request form | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-21), Ex. 40 | Shingle complaint policy request form | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-22), Ex. 41 | Email correspondence | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-23), Ex. 42 | Warranty claim file | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-24), Ex. 43 | Warranty claim file | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-25), Ex. 44 | RPG long term policy request form | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-26), Ex. 48 | Email correspondence | Ruling reserved |
| 8/13/18 Terrell Decl. (Dkt. # 107-27), Ex. 49 | Signed release form | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-28), Ex. 50 | Signed release form | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-29), Ex. 51 | PowerPoint presentation | Maintain seal |
| 8/13/18 Terrell Decl. (Dkt. # 107-30), Ex. 54 | CertainTeed January 1, 2005, ICC quality system manual excerpts | Maintain seal |

|  | **2nd Motion** |  |
|---|---|---|
| (Dkt. # 122) | The Wetzels' MSJ Response | Ruling reserved |
|  | **3rd Motion** |  |
| (Dkt. # 142) | CertainTeed's MCC Response | Maintain seal |
| 9/17/18 McKillop Decl. (Dkt. # 141), Ex. 1 at 99:12-100:25 | Stahl Deposition | Ruling reserved |
| 9/17/18 McKillop Decl. (Dkt. # 141), Ex. 3 at 225:19-248:20 & 249:24-251:17 | Roach Deposition | Maintain seal |
|  | **4th Motion** |  |
| (Dkt. # 154) | The Wetzels MCC Reply | Maintain seal on pages 11-12; Ruling reserved on page 24 |
| (Dkt. # 155), Ex. 32 at 4 | Corrected Waier Report | Maintain seal |
| (Dkt. # 156), Ex. 55 at 20-21 | Stahl Deposition excerpt | Ruling reserved |
| (Dkt. # 156), Ex. 55 at 80-81 | Stahl Deposition excerpt | Ruling reserved |
| (Dkt. # 156), Ex. 55 at 105 | Stahl Deposition excerpt | Maintain seal |
| (Dkt. # 156), Ex. 55 at 127-28 | Stahl Deposition excerpt | Maintain seal |
| (Dkt. # 156), Ex. 55 at 156-60 | Stahl Deposition excerpt | Ruling reserved |

## IV.  CONCLUSION

Based on the foregoing, the court GRANTS in part and RESERVES RULING in part on the First Motion (Dkt. # 105), GRANTS in part and RESERVES RULING in part on the Second Motion (Dkt. # 120), GRANTS in part and RESERVES RULING in part

on the Third Motion (Dkt. # 137), and GRANTS in part and RESERVES RULING in part on the Fourth Motion (Dkt. # 152). Consistent with this ruling, the court DIRECTS the Clerk to maintain the seal on all the exhibits until further notice.

The court GRANTS CertainTeed 14 days from the undersigned date to file a response to this order as outlined above. *See supra* § III.C. Following CertainTeed's response and the court's final ruling on the documents, CertainTeed and the Wetzels may need to adjust the redacted lines to the motions and other memorandum and refile revised redacted versions. The court expects CertainTeed to assist the Wetzels with the task of revising redactions to the Wetzels' briefs in a collaborative manner. Upon considering CertainTeed's response or lack thereof, the court will issue an additional order instructing the parties and the Clerk on how to proceed with the remaining documents at issue.

Dated this 18th day of March, 2019.

JAMES L. ROBART
United States District Judge