UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAULA WETZEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CERTAINTEED CORPORATION, <br><br> Defendant. | CASE NO. C16-1160JLR <br><br> SECOND ORDER ON MOTIONS TO SEAL |

## I. INTRODUCTION

On March 18, 2019, the court entered an order on four motions to seal certain materials on the court's docket. (*See* 3/18/19 Order (Dkt. # 167); *see also* 1st MTS (Dkt. # 105); 2d MTS (Dkt. # 120); 3d MTS (Dkt. # 137); 4th MTS (Dkt. # 152).) The court granted each motion in part and reserved ruling in part pending Defendant CertainTeed Corporation's ("CertainTeed") response to the court's order. (3/18/19 Order at 28-29.) CertainTeed filed its response on March 29, 2019. (Resp. (Dkt. # 170).) The court has considered CertainTeed's response, the relevant portions of the record, and the applicable

law. Being fully advised, the court issues its final rulings on the parties' motions to seal as more fully described below.

## II. BACKGROUND

Between August and October 2018, the parties filed four motions to seal relating to documents and testimony that CertainTeed deems confidential. (*See* 1st MTS; 2d MTS; 3d MTS; 4th MTS.) Plaintiffs Paula and Joel Wetzel (collectively, "the Wetzels") filed three motions to seal pursuant to the parties' stipulated protection order (1st MTS; 2d MTS; 4th MTS; *see* Protective Order (Dkt. # 31)), and CertainTeed also filed one motion to seal (3d MTS).

On March 18, 2019, the court granted in part and reserved ruling in part on each of the four motions to seal. (3/18/19 Order at 28-29.) The court reserved ruling on some of the exhibits at issue and certain redacted lines of the Wetzels' motion for class certification (MCC (Dkt. ## 107 (sealed), 108 (redacted))), summary judgment response (MSJ Resp. (Dkt. ## 122 (sealed), 123 (redacted))), and class certification reply (MCC Reply (Dkt. ## 154 (sealed), 157 (redacted))). (*See* 3/18/19 Order at 24-28.) In conjunction with the reserved rulings, the court granted CertainTeed 14 days to respond to the order and address the court's concerns regarding over-designation, conclusory "compelling reasons" to seal, publicly filed documents, and timely confidentiality designations. (*Id.* at 23.) On March 29, 2019, CertainTeed filed its response to the court's order. (*See* Resp.) The court now issues its final rulings on the provisionally sealed materials.

//

## III. ANALYSIS

**A. Legal Standard**

The court applies a compelling reasons standard to determine whether to seal the documents at issue. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* (internal citations omitted). Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (internal quotation marks omitted). The final determination of what constitutes a compelling reason is left to the court's discretion. *See Nixon*, 435 U.S. at 599.

**B. Documents to Unseal**

1. <u>CertainTeed Concedes that Several Documents Should Be Unsealed</u>

The Wetzels have consistently sought to unseal all of the documents at issue. (*See, e.g.*, 1st MTS Reply (Dkt. # 117) at 4.) In its response to the court's March 18, 2019, order, CertainTeed either concedes to or does not object to lifting the provisional seal on several of the documents or portions of documents at issue in the original motions to seal. (*See generally* Resp.) Thus, the court ORDERS the following documents or portions of documents unsealed:

| Document or Portion of a Document Presently under Seal | CertainTeed's Concession to Unsealing | The Court's Ruling |
|---|---|---|
| (8/13/18 Terrell Decl. (Dkt. ## 107-1 (sealed), 109-2 (redacted)), Ex. 2 ("Stahl Dep.") at 21)[1] | (Resp. at 3) | Unseal |
| (Stahl Dep. at 80) | (Resp. at 8) | Unseal |
| (Stahl Dep. at 99-100) | (Resp. at 8) | Unseal |
| (Stahl Dep. at 135) | (Resp. at 8-9) | Unseal |
| (Stahl Dep. at 156-58) | (Resp. at 9) | Unseal |
| (8/13/18 Terrell Decl., Ex. 7 at 4-5, 7-10)[2] | (Resp. at 10-11) | Unseal[3] |
| (8/13/18 Terrell Decl., Ex. 18) | (Resp. at 12) | Unseal |
| (8/13/18 Terrell Decl., Ex. 31) | (Resp. at 12) | Unseal[4] |
| (8/13/18 Terrell Decl., Ex. 41) | (Resp. at 13) | Unseal |
| (8/13/18 Terrell Decl., Ex. 42) | (Resp. at 13) | Unseal[5] |
| (MSJ Resp. (Dkt. ## 122 (sealed), 123 (redacted)) at 9-10[6] (quoting and discussing Exs. 6 and 8 of the 8/13/18 Terrell Decl.)) | (Resp. at 14-15) | Unseal |
| (MCC Reply (Dkt. ## 154 (sealed), 157 (redacted)) at 24[7] (discussing Ex. 55 (Dkt. # 156) ("Ex. 55 Stahl Dep.") at 20-21, 156-60)) | (Resp. at 16-17) | Unseal |
| (Ex. 55 Stahl Dep. at 20-21) | (Resp. at 17) | Unseal |
| (Ex. 55 Stahl Dep. at 80-81) | (Resp. at 17) | Unseal |
| (Ex. 55 Stahl Dep. at 156-60) | (Resp. at 17) | Unseal |

---

[1] All citations to the Stahl Deposition reference the deposition's internal page numbers.

[2] For Exhibit 7, the court references the ECF pages numbers rather than CertainTeed's page numbers.

[3] This exhibit contains non-party privacy redactions. The Wetzels should maintain such redactions when filing this document publicly.

[4] This exhibit contains non-party privacy redactions. The Wetzels should maintain such redactions when filing this document publicly.

[5] This exhibit contains non-party privacy redactions. The Wetzels should maintain such redactions when filing this document publicly.

[6] For this document the court references the ECF page numbers rather than the page numbers contained within the responsive memorandum.

[7] For this document the court references the ECF page numbers rather than the page numbers contained within the responsive memorandum.

### 2. The Court Concludes That Two Pages of the Stahl Deposition Should Be Unsealed

Despite CertainTeed's renewed request to seal the Stahl deposition at pages 99-100, the court determines that this portion of the Stahl deposition should be unsealed. (*See* Resp. at 15-16; 9/17/18 McKillop Decl. (Dkt. # 141), Ex. 1 at 99:12-100:25.) The court asked CertainTeed to show cause why CertainTeed had not waived its right to seal these pages because CertainTeed had already filed the same pages publicly.[8] (3/18/19 Order at 14.) In its response, CertainTeed first concedes that the court should not seal these pages of the Stahl deposition due to its prior pubic filing of the pages. (8/13/18 Terrell Decl. (Dkt. # 107-1), Ex. 2 at 99-100; *see* Resp. at 8 ("CertainTeed agrees that Pages 99-100 of the Stahl Deposition need not be sealed due to its prior filing of these same pages.").) However, later in the same response, CertainTeed argues that its prior disclosure was inadvertent, and thus it did not knowingly waive its privilege. (Resp. at 16.) CertainTeed's contradictory response does not demonstrate a compelling reason to seal sufficient to outweigh the public's interest in disclosure. *See Kamakana*, 447 F.3d at 1178-79. Accordingly, the court ORDERS pages 99-100 of Exhibit 1 to the September 17, 2018, McKillop Declaration unsealed. (9/17/18 McKillop Decl. (Dkt. # 141), Ex. 1 at 99:12-100:25).

//

//

---

[8] CertainTeed concedes that it filed these pages of the Stahl Deposition on the public docket. (*See* Resp. at 16; (Dkt. # 134-1) at 8-9; *see also* (Dkt. # 110 at 1-2) (referencing the content of the pages at issue).)

**C. Documents to Seal**

After reviewing CertainTeed's response, the court also concludes that several documents under provisional seal should remain sealed and several documents or pages of documents currently unsealed should be sealed.

1. Maintaining Seal

In its response, CertainTeed reaffirmed and supplemented its request to maintain the seal on several pages and documents. (*See generally* Resp.) For the documents listed below, CertainTeed satisfied the court's concerns, and the court determines that CertainTeed meets its compelling reasons burden. (*See* Resp.; *see also* 1st MTS Resp. (Dkt. # 113); 2d MTS Resp. (Dkt. # 128); 4th MTS Resp. (Dkt. # 162).)

| Document or Portion of a Document Presently under Seal | CertainTeed's Response | The Court's Ruling |
|---|---|---|
| (8/13/18 Terrell Decl. (Dkt. ## 107-1 (sealed), 109-2 (redacted)), Ex. 2 ("Stahl Dep.") at 33-35) | (Resp. at 4-6) | Maintain seal |
| (Stahl Dep. at 45-46) | (Resp. at 6-7) | Maintain seal |
| (Stahl Dep. at 69) | (Resp. at 7-8) | Maintain seal |
| (8/13/18 Terrell Decl., Ex. 7 at 3-4, 6) | (Resp. at 10-11) | Maintain seal |
| (8/13/18 Terrell Decl., Ex. 10 at 2) | (Resp. at 11) | Maintain seal on redacted lines |
| (8/13/18 Terrell Decl., Ex. 11) | (Resp. at 11-12) | Maintain seal |
| (8/13/18 Terrell Decl., Ex. 35) | (Resp. at 12-13) | Maintain seal |
| (8/13/18 Terrell Decl., Ex. 43) | (Resp. at 13) | Maintain seal |
| (8/13/18 Terrell Decl., Ex. 48) | (Resp. at 14) | Maintain seal |

Furthermore, the court concludes that CertainTeed has met its burden to maintain the seal on all of the presently redacted lines of the Wetzels' motion for class certification. (*See* MCC.) Likewise, the court maintains the seal on the presently redacted lines of the Wetzels' summary judgment response, except for the redacted lines citing Exhibits 6 and 8, which the court unsealed earlier in this order. *See infra* § III.B.1.

2. <u>Previously Unsealed Documents</u>

CertainTeed also requests that the court seal two pages of Exhibit 4 to the August 13, 2018, Terrell declaration—an exhibit that the Wetzels did not provisionally seal. (*See* Resp. at 9-10 (requesting the court seal (8/13/18 Terrell Decl. (Dkt. # 109-4), Ex. 4 at 29, 31)).) Similarly, CertainTeed requests that the court seal Exhibit 19 of the same declaration, which the Wetzels also publicly filed. (*See id.* at 12 (requesting the court seal (8/13/18 Terrell Decl. (Dkt. # 109-19), Ex. 19)).) The court determines that CertainTeed meets its compelling reasons burden regarding Exhibit 4 at pages 29 and 31 and Exhibit 19. Thus, the court DIRECTS the Clerk to seal Exhibits 4 (Dkt. # 109-4) and 19 (Dkt. # 109-19).

Additionally, the redacted, unsealed version of the Wetzels' motion for class certification contains unredacted lines referencing exhibits that the court previously sealed or now seals in this order. (*See* 3/18/19 Order at 24-28); *infra* § III.C. Based on its rulings concerning the underlying exhibits, the court finds that CertainTeed also meets its burden to seal these lines of the Wetzels' motion for class certification.[9] Because the Wetzel's redacted motion for class certification now contains lines that should be

//

---

[9] In addition, CertainTeed requests that the court seal lines in the Wetzels' motion for class certification referencing Exhibit 4 at pages 103 and 115, Exhibit 10 at page 20, Exhibit 14, and Exhibit 15. (*See* Resp. at 1-3; *see also* MCC at 12, 14, 16.) CertainTeed did not previously request to seal these pages or documents in response to the first motion to seal. (*See generally* 1st MTS; 1st MTS Resp.; 8/22/18 Waksman Decl. (Dkt. # 115).) The court will not consider additional redactions to the Wetzels' motion for class certification that are outside the scope of the four original motions to seal in the absence of a separate motion that satisfies the compelling reasons standard and Local Civil Rule 5(g). *See* Local Rules W.D. Wash. LCR 5(g); *Kamakana*, 447 F.3d at 1178-79.

redacted, but are not, the court DIRECTS the Clerk to seal the Wetzels' redacted motion for class certification (Dkt. # 108).

## IV. CONCLUSION

Based on the foregoing analysis and the court's March 18, 2019, order reserving ruling in part on the parties' four motions to seal (*see* 3/18/19 Order), the court now GRANTS in part and DENIES in part each of the parties' motions to seal (Dkt. ## 105, 120, 137, and 152). Based on its rulings herein, the court DIRECTS the Clerk to seal the redacted version of the Wetzel's motion for class certification (Dkt. # 108), and Exhibits 4 and 19 of the August 13, 2018, Terrell Declaration (Dkt. ## 109-4, 109-19). The court further DIRECTS the Clerk to unseal Exhibits 18, 31, 41, and 42 of the August 13, 2018, Terrell Declaration (Dkt. ## 107-7, 107-12, 107-22, and 107-23).

The court further ORDERS the Wetzels to file revised, unsealed, redacted versions of the following documents that comply with the court's March 18, 2019, order and the rulings herein:

- The Wetzels' motion for class certification (Dkt. # 108);

- The Wetzels' response to CertainTeed's motion for summary judgment (Dkt. # 123);

- The Wetzels' reply to their motion for class certification (Dkt. # 157);

- Exhibits 2, 4, and 7 of the August 13, 2018, Terrell Declaration (Dkt. ## 109-2, 109-4, 109-7);

- Exhibit 1 of the September 17, 2018, McKillop Declaration (Dkt. # 140);

- Exhibit 55 of the October 1, 2018, Terrell Supplemental Declaration (Dkt. # 158-2).

The court ORDERS the Wetzels to file these revised documents within 14 days of the date of this order.

Dated this 2nd day of May, 2019.

JAMES L. ROBART
United States District Judge